UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARREN DEON JOHNSON,

        Petitioner,                    Case No. 1:22-cv-936

v.                                          Honorable Ray Kent

NOAH NAGY,

        Respondent.
_____/

**ORDER OF TRANSFER
TO SIXTH CIRCUIT COURT OF APPEALS**

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2241. In *Rittenberry v. Morgan*, 468 F.3d 331 (6th Cir. 2006), the Sixth Circuit Court of Appeals clarified that "there is really only a single 'gate' to federal habeas relief from state custody," and, thus "*all* petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254 and subject to the [Antiterrorism and Effective Death Penalty Act] AEDPA's restrictions[.]" *Id*. at 337 (emphasis in original). That is the case whether Petitioner is attacking "the imposition *or* the execution of [his] sentences." *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (emphasis in original). In the instant petition, Petitioner attacks both the imposition and the execution of his sentences. (Pet., ECF No. 1, PageID.6–8.) Habeas grounds I and II attack his convictions; habeas grounds III and IV attack the execution of his sentences.

Petitioner Darren Deon Johnson is incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. This is not Petitioner's first habeas corpus action challenging his convictions and sentences, nor is it the first habeas corpus petition challenging the execution of his sentence.

On March 22, 2013, Petitioner filed a petition in this Court. *Johnson v. Curtin*, No. 1:13-cv-338 (W.D. Mich.). The petition was dismissed on January 11, 2017, for failure to raise a meritorious federal claim. Petitioner has twice sought permission from the Sixth Circuit Court of Appeals to file second or successive habeas petitions attacking his convictions and sentences. That court has twice denied permission. *In re: Darren Johnson*, No. 20-1679 (6th Cir. Sept. 14, 2020); *In re: Darren Johnson*, No. 22-1438 (6th Cir. Jul. 7, 2022).

On August 19, 2020, Petitioner filed a petition in this Court challenging the execution of his sentence. *Johnson v. Burt*, No. 1:20-cv-800 (W.D. Mich.). He claimed the risk of COVID-19 infection rendered his continued imprisonment a violation of his Fifth and Eighth Amendment rights. On September 1, 2020, the Court dismissed the petition without prejudice for failure to exhaust state court remedies.

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). 28 U.S.C. § 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits

determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). Petitioner's first habeas action was dismissed on the merits; thus, the instant petition is second or successive.

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the Sixth Circuit Court of Appeals before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

4

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Dated:  October 17, 2022                    /s/ Ray Kent
                                            United States Magistrate Judge